**IN AND UNITED STATED DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| (1)  DAVOD NEMATPOUR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) Case No. |
| | ) (Formerly Oklahoma County District Court |
| (2)  GEICO GENERAL INSURANCE | ) Case No. CJ-2015-3667) |
| COMPANY, | ) |
| | ) |
| Defendant. | ) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446(b), Defendant GEICO General Insurance Company ("GEICO" or "Defendant"), hereby removes the above-captioned lawsuit from the District Court in Oklahoma County, State of Oklahoma to this Court.  Pursuant to LCvR 81.2, a copy of the state court docket sheet as well as all documents filed or served in the state court action are attached hereto as **EXHIBIT 1-2**.

The removal of this case to federal court is based on the following:

## FACTUAL BACKGROUND

1.      On September 16, 2014, Davod Nematpour ("Plaintiff") was involved in a hit-and-run  automobile accident ("Accident"). To date, the driver of the hit-and-run vehicle ("John Doe") has not been identified.  Plaintiff claims the Accident was a result of John Doe's negligence. (*See* Petition, Oklahoma County Case No. CJ-2015-3667, ¶ 6, **EXHIBIT 2**.)

2.       Plaintiff alleges that as a result of John Doe's negligence, Plaintiff sustained personal injuries. (*See* Petition, ¶ 10, **EXHIBIT 2**.)

3.       At the time of the Accident, Plaintiff was insured under an automobile insurance policy issued by GEICO, policy number 4197-84-74-88 (the "Policy"). The Policy provides uninsured motorist ("UM" benefits in the amount of $25,000 per person/$50,000 per accident. (*See* Declarations Page for Policy No. 4197-84-74-88, attached as **EXHIBIT 3**.)

4.        On or about March 6, 2015, Plaintiff made a demand for the UM policy limits of $25,000. (*See* Petition, ¶ 12, **EXHIBIT 2**; *see also* Correspondence from T. Ventura to T. Lester, dated March 6, 2015, attached as **EXHIBIT 4**.)

5.       Subsequently, GEICO made a fair and reasonable settlement offer of $15,750. (*See* correspondence from T. Lester, dated March 20, 2015, attached as **EXHIBIT 5**; see also Correspondence from E. Hernandez, dated June 9, 2015, attached as **EXHIBIT 6**.)

6.       Plaintiff again demanded Plaintiff's UM policy limits of $25,000. (*See Letter from Tom Ventura to Tiffany Lester*, dated Mar. 27, 2015, attached as **EXHIBIT 7**.)

7.       On July 1, 2014, Plaintiff filed suit against GEICO in the District Court of Oklahoma County. (*See* Petition, **EXHIBIT 2**.) Plaintiff alleges a claim for breach of contract and seeks damages in excess of $10,000.00 for this theory of liability. (*See* Petition, ¶ 21, **EXHIBIT 2**.)

8.       Plaintiff also alleges a bad faith claim and seeks damages in excess of $10,000 for this theory of liability.   (*See* Petition, ¶ 27,   **EXHIBIT 2**.)

9.       Plaintiff further alleges that GEICO's "breach of the duty of good faith and fair dealing was intentional and malicious." As such, Plaintiff claims punitive damages should

be awarded against GEICO "in an amount sufficient to punish Defendant and to deter others." (*See* Petition, ¶¶ 28-29,  **EXHIBIT 2**.)

10.     On July 7, 2015,before GEICO was served with this lawsuit, GEICO offered to settle Plaintiff's breach of contract claim by tendering Plaintiff's full policy limits of $25,000, which were subsequently paid to Plaintiff on July 17, 2015.

## COMPLETE DIVERSITY EXISTS

11.     "'Federal Courts are courts of limited jurisdiction.  They posses only the power authorized by the Constitution and statute . . .'" *Rasul v. Bush*, 542 U.S. 466, 489 (2004) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).  For a federal court to have jurisdiction over a case or controversy, there must exist a federal question or diversity jurisdiction.  At the time the Petition was filed, federal question jurisdiction did not exist.  Specifically, there were no allegations that the Constitution or any federal statute had been violated (*See generally*  Petition, **EXHIBIT 2**.)

12.     However, as of the moment Plaintiff filed her Petition, diversity of jurisdiction existed.  Specifically, as the date of Plaintiff filing her Petition, pursuant to U.S.C. § 1332 (a)(2), this action is a civil action over which this Court has original jurisdiction.  It is a civil action between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interests and costs, as shown below.

13.     At the time of filing, the relevant time period, upon information and belief, Plaintiff was a citizen and resident of the state of Oklahoma.  (*See Groupo Dataflux v. Atlas Global Group*, L.P., 541 U.S. 567 (2004)(stating that jurisdiction depends upon the state of

things at the time of filing).  Plaintiff was not a citizen of the State of Maryland or Washington D.C. (*See* Petition, ¶ 1, **EXHIBIT 2**.)

14.     For purposes of removal under 28 U.S.C. § 1441, a corporation shall be deemed to be a citizen of any State by which it has been incorporated and the State where it has its principal place of business.  28 U.S.C. § 1332(c).  While Congress never defined exactly what is a "principal place of business," the Supreme Court recently held unanimously that a corporation's principal place of business is presumed to be the place of the corporation's "nerve center."  *Hertz Corp. v. Friend*, 130 S. Ct. 1181 (2010).

15.     At the time of filing, GEICO was a foreign corporation, incorporated under the laws of the State of Maryland with its "nerve center" or "principal place of business" in Washington, D.C.  GEICO was not a citizen of the State of Oklahoma. (*See* NAIC Company Demographics for GEICO General Insurance Company, attached as **EXHIBIT 8**.)

16.     As Plaintiff and Defendant are citizens of different states, the complete diversity requirement of 28 U.S.C. § 1332 is met.

## THE AMOUNT IN CONTROVERSY EXCEEDS THAT REQUIRED BY 28 U.S.C. § 1332 FOR DIVERSITY JURISDICTION

17.     Diversity jurisdiction also requires the removing party demonstrate that the amount in controversy exceeds $75,000.00.  *See* 28 U.S.C. § 1332.  This requirement is also met.

18.     It is well recognized that a plaintiff "should not be permitted to ostensibly limit their damages to avoid federal court only to receive an award in excess of the federal amount in controversy requirement."  *Morgan v. Gay*, 471 F.3d 469, 477 (3d Cir. 2006). Last

December in *Dart Cherokee Basin Operating Co., LLC v. Owens*, the Unites States Supreme Court held that "a defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."135 S.Ct. 547, 553 (2014).

19.     Applying *Dart Cherokee Basin Operating Co.*, this Court recently stated that "the United States Supreme Court made it clear that 'a defendant's notice of removal need include only a short and plain statement with a plausible allegation that the amount in controversy exceeds the jurisdictional threshold,' and need not contain any evidentiary submissions." *Whisenant  v. Sheridan Production Co., LLC*, No. CIV-15-81-M, 2015 WL 4041514 at *2 (W.D. Okla. Jul. 1, 2015); *see also Aulestia v. Nutek Disposables, Inc.*, No. 14-CV-769-JED-FHM, 2015 WL 632073, at *3 (N.D. Okla. Feb. 13, 2015).

20.     When a plaintiff contests the defendant's allegation concerning the amount in controversy, "28 U.S.C. § 1446(c)(2)(B) instructs that '[R]emoval is proper on the basis of an amount in controversy asserted' by the defendant 'if the district court finds, by a preponderance of the evidence, that the amount in controversy exceeds' the jurisdictional threshold." *Dart Cherokee Basin Operating Co.*, 135 S.Ct. at 553-54 (quoting 28 U.S.C. § 1446(c)(2)(B)). When a plaintiff challenges the amount in controversy alleged by the defendant, "both sides submit proof and the court decides" whether the requirement has been satisfied. *Id.* at 554.

21.     The defendant "may rely on [] documents, such as discovery requests, affidavits, or other 'summary-judgment type evidence' that may be in defendant's possession." *Garner v. Equilon Pipeline Co., LLC*, No. 08-CV-0777-CVE-FHM, 2009 WL 661399, at *4 (N.D. Okla. March 12, 2009) (citing *McPhail v. Deere & Co.*, 529 F.3d 947,

956 (10th Cir. 2008)).   The United Stated District Court for the Northern District of Oklahoma has also stated "[p]re-complaint settlement demand letters may be relied upon in proving the amount in controversy for jurisdictional purposes." *Maddox v. Delta Airlines, Inc.*, No. 10-CV-00456-CVE-PJC, 2010 WL 3909228, at *3 (N.D. Okla. Sept. 29, 2010); *see also Archer v. Kelly*, 271 F.Supp.2d 1320, 1324 (N.D. Okla. 2003) (stating "[t]he pre-suit written settlement demand in this matter gave defendants knowledge that the amount in controversy exceeded $75,000").

22.     In the present action, Plaintiff claims he is entitled to the policy limits of his UM coverage. (*See* Petition, ¶ 18, **EXHIBIT 2**.) Plaintiff's breach of contract claim places $25,000.00 in controversy.  (*See* Declarations Page, **EXHIBIT 3**.)

23.     Defendant anticipates Plaintiff will assert the $25,000 breach of contract claim cannot be used to satisfy the amount in controversy necessary to establish the requisite jurisdictional threshold, because GEICO has tendered Plaintiff's UM policy limits. However, Plaintiff has not dismissed her breach of contract claim, and therefore, it remains at issue in this matter. As the United States Supreme Court stated:

> Of course, if, upon the face of the complaint, it is obvious that the suit cannot involve the necessary amount, removal will be futile and remand will follow. But the fact that it appears from the face of the complaint that the defendant has a valid defense, if asserted, to all or a portion of the claim, or the circumstance that the rulings of the district court after removal reduce the amount recoverable below the jurisdictional requirement, will not justify remand.

*St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 291-92 (1938).

24.     As can be seen, nothing on the face of Plaintiff's Petition demonstrates that the matter could not involve the full amount of his claimed breach of contract damages. Plaintiff's pre-suit demand for policy limits placed at least $25,000.00 at controversy. The fact that GEICO has a valid defense – it has already tendered policy limits to Plaintiff – does not justify remand. *See Id.* at 292.

25.     Plaintiff also asserts a bad faith claim against GEICO.  (*See* Petition, ¶¶ 22 – 27, **EXHIBIT 2**.)  Specifically, Plaintiff alleges that "Defendant breached its duty to deal fairly and in good faith with Plaintiff by failing to conduct a full fair, and timely investigation into the nature and extent of Plaintiff's injuries." (*See* Petition, ¶ 24, **EXHIBIT 2**.)Plaintiff further alleges GEICO placed "its own interests ahead of Plaintiff . . . [and employed] a claims handling system that encourages and incentivizes claims employees to make low-ball offers on UM claims." (*See* Petition, ¶¶ 25-26, **EXHIBIT 2**.) According to Plaintiff, GEICO's "breach of the duty of good faith and fair dealing was intentional and malicious." (*See* Petition, ¶ 28, **EXHIBIT 2**.) Plaintiff requests damages in excess of $10,000.00 for his breach of the duty to deal fairly and in good faith claim.  (*See* Petition, ¶ 27, **EXHIBIT 2**.)  This claim places, at a minimum, an additional $10,000.01 in controversy.

26.     Additionally, Plaintiff seeks punitive damages "in an amount sufficient to punish Defendant and deter others." (*See* Petition, ¶ 29, **EXHIBIT 2**.)

27.     Although Plaintiff's Petition does not explicitly state he intends to seek an amount greater than $75,000.00 from GEICO,[1] Plaintiff's breach of contract and bad faith claims combined with his claim for punitive damages places in excess of $75,000.00 at controversy in this matter.

28.     Under Oklahoma law, a plaintiff may seek punitive damages for the tort of bad faith. *Christian v. Am. Home Insurance Co.*, 1977 OK 141, ¶ 25, 577 P.2d 899, 904.  When

---

[1]It should be noted that Plaintiff's Petition does not comply with the statutory pleading requirements set forth in 12 O.S. § 2008.  This statute provides in pertinent part:

> Every pleading demanding relief for damages and money in excess of the amount required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code shall, without demanding any specific amount of money, set forth only that the amount sought as damages is in excess of the amount required for diversity jurisdiction pursuant to Section 1332 Title 28 of the United States Code, except an action sounding in contract.  **Every pleading demanding relief for damages in money in an amount that is required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code or less shall specify the amount of such damages sought to be recovered.**

12 O.S. § 2008(2) (emphasis added).  As this Court recently noted:

> The court notes that plaintiffs also failed to comply with the state statute in the petition filed in at least two other removed actions: [CITATIONS REMOVED].  **Plaintiffs' counsel is cautioned that continued noncompliance with the state statute in cases subject to removal might be viewed as an improper attempt to avoid federal jurisdiction which would warrant disciplinary action**.

*Trosper v. Travelers Indem. Co. of Conn.*, No. CIV-14-1088-HE, 2014 WL 6687283, at * n.3 (W.D. Okla. Nov. 26, 2014).

punitive damages are alleged, the Court may consider those damages in determining whether

the requisite amount in controversy exists.  The Seventh Circuit has explained:

> [w]here punitive damages are required to satisfy the
> jurisdictional amount in a diversity case, a two-part inquiry is
> necessary.  The first question is whether punitive damages are
> recoverable as a matter of state law.  If the answer is yes, the
> court has subject matter jurisdiction unless it is clear "beyond a
> legal certainty that the plaintiff would under no circumstances
> be entitled to recover the jurisdictional amount."

*Del Vecchio v. Conseco, Inc.*, 230 F.3d 974, 978 (7th Cir. 2000) (quoting *Cadek v. Great

Lakes Dragaway, Inc.*, 58 F.3d 1209, 1211-12 (7th Cir. 1995)); *See also Bell v. Preferred

Life Assur. Soc'y of Montgomery, Ala.*, 320 U.S. 238, 240 (1943) ("Where both actual and

punitive damages are recoverable under a complaint each must be considered to the extent

claimed in determining jurisdictional amount."); *Woodmen of World Life Ins. Soc'y v.

Mangarnaro*, 342 F.3d 1213, 1218 (10th Cir. 2003) ("Punitive damages may be considered

in determining the requisite jurisdictional amount."); *Gibson v. Chrysler Corp.*, 261 F.3d

927, 945 (9th Cir. 2001) ("It is well established that punitive damages are part of the amount

in controversy in a civil action."); *A.F.A. Tours, Inc. v. Whitchurch*, 937 F.2d 82, 87 (2d Cir.

1991) ("[I]f punitive damages are permitted under the controlling law, the demand for such

damages may be included in determining whether the jurisdictional amount is satisfied.");

*Ryan v. State Farm Mut. Auto. Ins. Co.*, 934 F.2d 276, 277 (11th Cir. 1991) (holding that

under a specific Georgia punitive damages statute it was possible for a jury to award an

amount above the minimum amount in controversy requirement, and therefore, federal

jurisdiction existed); *Kahal v. J.W. Wilson & Associates, Inc.*, 673 F.2d 547, 548 (D.C. Cir.

1982) ("A Court must consider claims for both actual and punitive damages in determining jurisdictional amount."); *Shaffer v. Skechers, USA, Inc.*, No. CIV-09-167-D, 2009 WL 3837408 at *3 (W.D. Okla. Nov. 16, 2009); *Flowers v. EZPawn Okla., Inc.*, 307 F.Supp.2d 1191, 1198 (N.D. Okla. 2004).

29.     In the present case, punitive damages have been alleged and are allowed by state law.  Therefore, as stated in *Del Vecchio*, the question is whether "it is clear beyond a legal certainty that the plaintiff would **under no circumstances** be entitled to recover the jurisdictional amount." 230 F.3d at 978 (emphasis added, internal quotations omitted). The answer to this question *must* be no.

30.     In Oklahoma, punitive damages are controlled by statute.  *See* 23 O.S. § 9.1. There are three categories of punitive damages.  Each category increases the amount a plaintiff can potentially recover.  Plaintiff's Petition alleges facts that could implicate Categories I and II. Category I punitive damages allows a jury upon finding that an insurer "recklessly disregarded its duty to deal fairly and act in good faith with its insured[,]" to award punitive damages in an amount not to exceed the greater of $100,000, or the amount of actual damages awarded.  23 O.S. § 9.1(B)(2).  Category II punitive damages allows a jury upon a finding that the "insurer has intentionally and with malice breached its duty to deal fairly and act in good faith with its insured[,]" to award punitive damages in an amount not to exceed the greater of $500,000.00, or double the amount of actual damages awarded." 23 O.S. § 9.1(C). Plaintiff has alleged that Defendant's breach of the duty of good faith and fair

dealing was intentional and malicious. (*See* Petition, ¶ 28, **EXHIBIT 2**.)  Therefore, Plaintiff's

request for punitive damages places at least $100,000.00 at controversy.

31.    The United States District Court for the Northern District of Oklahoma's recent

Order in *Singleton v. Progressive Direct Insurance Company*, 49 F.Supp.3d 988 (N.D. Okla.

2014), is particularly instructive.  In that case, the plaintiff was involved in an automobile

accident and sought UM/UIM benefits from her insurer.  (*See Singleton*, Opinion and Order

at p. 1, attached as **EXHIBIT 9** for the court's convenience.)  The plaintiff submitted a claim

to her insurer and demanded policy limits.  *Id.*  After investigating and evaluating her claim,

the plaintiff's insurer tendered the policy limits of her UM/UIM coverage.  *Id.*  Despite the

tender of policy limits, the plaintiff filed a petition in Tulsa County District Court alleging

claims for breach of contract and bad faith.  *Id.*  The plaintiff also sought punitive damages.

*Id.* at p. 4. As in this case, the plaintiff did not make a demand for a specific sum. *Id.* Instead,

the plaintiff alleged that she suffered damages in excess of $10,000.00.  *Id.*

32.    When the plaintiff continued to pursue her claims against her insurer, the

insurer timely removed the action to this Court.  *Id.* at p. 1-2.  The insurer asserted the

plaintiff's policy limits demand combined with her request for punitive damages

demonstrated to a preponderance of the evidence that she sought to recover in excess of

$75,000.00.  *Id.* at pp. 4-5.  The plaintiff moved to remand the case.  *Id.* at p. 2. The Northern

District, however, denied the plaintiff's motion.  *Id.* at  p. 8.  In doing so, the Court

concluded:

> Considering the petition and notice of removal together, the
> court finds that [the insurer] has not merely offered a
> "conclusory statement" involving punitive damages, but has

affirmatively established that the amount in controversy exceeds the jurisdictional limit.  Where [the plaintiff] asked for actual damages exceeding $10,000, a punitive damages award of $65,000 or more would reach the jurisdictional threshold.  This would require no more than a single-digit ratio of punitive damages to actual damages, even after [the insurer] deflated the denominator with a $100,000 payment just prior to the initiation of this action. [The plaintiff's] petition, meanwhile, alleges that [the insurer] failed to properly investigate her claim, delayed payments or withheld them altogether, and used its unequal bargaining position to overwhelm and take advantage of her, though it knew that she was entitled to receive $100,000 in UIM benefits under her policy.  **These allegation supply the required facts supporting [the insurer's] assertion that <u>the value of [the plaintiff's] claim for punitive damages</u> exceeds the amount required to surpass the jurisdictional threshold.**

*Id.* at pp. 7-8 (emphasis added).

33.     GEICO recognizes that the present lawsuit is distinguishable from *Singleton* in the fact that the subject insurance policy provides $25,000.00 rather than $100,000.00 in UM coverage.  This is, however, a distinction without a difference.  This Court's decision in *Singleton* made it clear that the *Singleton* plaintiff's request for punitive damages alone exceeded the amount required for punitive damages. (*See Singleton* Opinion, p. 8).

34.     Here, as in *Singleton*, Plaintiff alleges GEICO failed to properly investigate her claim, delayed payments or withheld them altogether, and engaged in unlawful, unfair and deceptive insurance practices which placed its own interests ahead of those of its insured, when it knew that its insured was entitled to receive UIM benefits. (*See* Petition, ¶¶ 24-26, **EXHIBIT 2**.)  Also like the plaintiff in *Singleton*, Plaintiff attempts to avoid this Court's jurisdiction alleging damages in an undisclosed amount in excess of $10,000.00.  Yet, Plaintiff clearly seeks in excess of $75,000.00  *See Murchinson v. Progressive Northern*

*Insurance Co.*, 564 F.Supp 2d 1311, 1316 (E.D. Okla. 2008) ("[M]any cases are just like this one: the plaintiff *knows* the amount sought exceeds $75,000.00. The defendant *knows* the amount sought exceeds $75,000.00. The court *knows* the amount sought exceeds $75,000.00 The court *knows* that the parties themselves know it.")

35.     Therefore, applying the *Singleton* rationale to Plaintiff's allegation in this case, GEICO has not only submitted a short and plain statement with a plausible allegation that the amount in controversy exceeds the jurisdictional threshold, but Defendant has demonstrated that Plaintiff ***could*** recover in excess of $75,000.00. Therefore, the amount in controversy is also met.

## REMOVAL TO THIS COURT IS TIMELY AND APPROPRIATE

36.     Pursuant to 28 U.S.C § 1446(b), "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading . . .." On July 24, 2015, pursuant to 36 O.S. § 621(B), GEICO was served with this lawsuit.

37.     Additionally, pursuant to the same federal statute, one year has not elapsed since the commencement of this action. (*See* Petition, filed on July 1, 2015, **EXHIBIT 2**.)

38.     Lastly, this Notice of Removal has been removed to the proper federal district court. The pertinent language of 28 U.S.C. § 1446(a) provides that the defendant shall file the Notice of Removal in "The District Court of the United States for the district and division within which such action is pending." 28 U.S.C. § 1446(a). Currently, this action is pending in the District Court of Oklahoma County, State of Oklahoma. The Western District of

Oklahoma includes the County of Oklahoma County.  *See* 28 U.S.C. § 116(c).  Therefore, removal to this Court is proper.

39.    Pursuant to 28 U.S.C. § 1446(d), GEICO will serve written notice of the filing of this Notice of Removal upon Plaintiff, and GEICO has filed a copy of the Notice of Removal with the Clerk of the District Court in and for Oklahoma County, State of Oklahoma.

WHEREFORE, Defendant, GEICO General Insurance Company, removes this action from the District Court in and for Oklahoma County, State of Oklahoma, to the United States District Court for the Western District of Oklahoma.

Respectfully submitted,


 s/ Gerard F. Pignato
Gerard F. Pignato, OBA No. 11473
PIGNATO, COOPER, KOLKER &
ROBERSON, P.C.
Robinson Renaissance Building
119 North Robinson Avenue, 11th Floor
Oklahoma City, Oklahoma 73102
Telephone:   405-606-3333
Facsimile:   405-606-3334
Email:    jerry@pclaw.org
ATTORNEYS FOR DEFENDANT,
GEICO GENERAL INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that on August 5, 2015, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Simone Gosnell Fulmer, Esquire


I hereby certify that on August 5, 2015, I served the same document by hand delivery on the following who is not a registered participant of the ECF system:

Tim Rhodes, Court Clerk                    *VIA HAND DELIVERY*
Oklahoma County Court Clerk
320 Robert S. Kerr, Room 409
Oklahoma City, OK 73102


 s/ Gerard F. Pignato
For the firm