EXHIBIT 2



*1029965838*

FILED IN DISTRICT COURT
OKLAHOMA COUNTY

IN THE DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

| | |
|---|---|
| DAVOD NEMATPOUR, ) | |
| ) | |
| Plaintiff, ) | **CJ - 2015 - 3667** |
| ) | |
| v. ) | Case No.: CJ-2015-_____ |
| ) | |
| GEICO GENERAL INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

## PETITION

COMES NOW the Plaintiff, Davod Nematpour, and for his causes of action against Defendant GEICO General Insurance Company, alleges and states as follows:

### I. JURISDICTION AND VENUE

1.  Plaintiff Davod Nematpour ("Nematpour") is a citizen of the State of Oklahoma and resident of Oklahoma City, Oklahoma County, State of Oklahoma.

2.  Defendant GEICO General Insurance Company ("GEICO") is an insurance company with corporate headquarters and principal place of business in Washington, D.C. and licensed to and engaged in the business of insurance in the State of Oklahoma, including Oklahoma County.

3.  The events which give rise to this lawsuit occurred in Oklahoma City, Oklahoma County, Oklahoma.

4.  The District Court in and for Oklahoma County has jurisdiction over the partiers 12 O.S. §§ 137, 141, and 187.

## FACTS

5. Plaintiff hereby adopts and alleges each of the facts and allegations set forth in paragraphs 1-4 above.

6. Late in the evening of September 16, 2014, Plaintiff was stopped at a red light northbound on Pennsylvania Avenue in the inside line at Northwest 122nd Street, when he was violently struck from the rear by a Ford Explorer. The Ford Explorer was travelling at approximately 45-55 miles per hour at the time of impact, forcing Plaintiff's vehicle into oncoming traffic. The driver and passenger in the Ford Explorer fled the scene on foot and have never been found.

7. At the time of the accident, Plaintiff was an insured for uninsured/underinsured motorist ("UM") coverage under a policy issued by Defendant.

8. Plaintiff was treated by EMSA at the scene and taken to the emergency room at St. Anthony Hospital for pain in his back and neck. As a result of the rear-end wreck, Plaintiff suffered a cervical strain and thoracic sprain and strain. Plaintiff still suffers from headaches as well as lingering pain and stiffness in his back and neck. St. Anthony Hospital, Oklahoma Pain & Injury Center, and McBride Orthopedic Hospital Clinic provided medical treatment and services to Plaintiff for the injuries sustained in the car wreck.

9. Shortly after Plaintiff began treatment for his injuries sustained in the rear-end wreck, Plaintiff's counsel made a claim on his behalf to Defendant. On October 2, 2014, adjuster Tiffany Lester advised there was no medical payments coverage under the policy, but that the policy did have UM benefits of $25,000 per person. (*Letter from Tiffany Lester to Tom Ventura*, 10/02/14, attached as Exhibit "1").

10. Despite receiving regular treatment at Oklahoma Pain & Injury Center from September through November of 2014, the pain in Plaintiff's back worsened and became debilitating with any type of activity. Plaintiff's injuries affected his ability to perform his job duties and made daily tasks such as getting in and out of bed or out of a car increasingly difficult.

11. In December of 2014, Plaintiff was referred for a MRI of his lumbar spine at McBride Orthopedic Hospital. The MRI revealed disk protrusion in his lumbar spine and Plaintiff was placed on a conservative treatment plan, which included physical therapy and medications for the pain. Plaintiff attended regular physical therapy visits over the next couple of months in an effort to improve his injuries and his pain.

12. Subsequently on March 6, 2015, Plaintiff's counsel made a demand on behalf of Plaintiff for his UM policy limits and submitted copies of Plaintiff's medical bills, which amounted to approximately $19,000; counsel also forwarded Defendant copies of Plaintiff's medical records.[1] (*Letter from Tom Ventura to Tiffany Lester*, 03/06/15, attached as Exhibit "2").

13. Two weeks later, without ever talking directly to Plaintiff to learn of his treatment or how the injuries had affected his daily life, Defendant sent Plaintiff's counsel an offer of $15,750.00 to settle the UM claim. (*Letter from Tiffany Lester to Tom Ventura*, 03/20/15, attached as Exhibit "3"). Defendant's UM offer was $3,250 less than the amount of Plaintiff's medical bills incurred as a result of the wreck and almost $10,000 below of the UM policy limit.

14. On March 27, 2015, Plaintiff's counsel responded to Defendant's offer by demanding that the UM policy limits be tendered and emphasized that the value of Plaintiff's bodily injury claim was worth well over the $25,000 UM policy limits because of the

---

[1] The demand package sent to Defendant was a one hundred (100) pages due to medical records and bills; therefore, only the correspondence has been attached as an exhibit.

3

approximately $19,000 in medical bills arising from medical treatment due to the wreck, Plaintiff's physical pain and suffering, and the aggravated circumstances of the wreck because it was a hit and run incident. (*Letter from Tom Ventura to Tiffany Lester*, 03/27/15, attached as Exhibit "4").

15. On June 5, 2015, Plaintiff's counsel again demanded UM policy limits on Plaintiff's behalf. Defendant responded:

> After review, there were 2 adjustments made. The hospital made an adjustment for $5,037.79 and McBride made an adjustment for $1,646.03 that totals $6,683.82. Our offer includes the incurred medical expenses of $12,240.91. Our current offer is $15,750 please call me to make a counter to discuss this further.

(*Letter from Elisa Hernandez to Tom Ventura*, 06/09/15, attached as Exhibit "5").

16. Plaintiff complied with Defendant's claims handling procedures and investigation for this loss, including but not limited to providing Defendant with requested claims forms as well as copies of the medical bills and records relating to the treatment he received as a result of the wreck.

## FIRST CAUSE OF ACTION – BREACH OF CONTRACT

17. Plaintiff hereby adopts and realleges each of the facts and allegations set forth in paragraphs 1-16 above.

18. Plaintiff is entitled to payment of the UM policy limits of the policy, which Defendant has refused to pay.

19. Defendant's unreasonably low offer to settle Plaintiff's UM claim is a denial of the contractual benefits due and owing to him.

20. Therefore, Defendant has breached the contract of insurance.

21. As a direct and proximate result of Defendant's breach of the insurance contract, Plaintiff has suffered damages in excess of Ten Thousand Dollars ($10,000).

## SECOND CAUSE OF ACTION – BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

22. Plaintiff hereby adopts and realleges each of the facts and allegations set forth in paragraphs 1-21 above.

23. As an insurance company licensed to do business in the State of Oklahoma, Defendant is bound by Oklahoma statutory and common law to honor its contractual obligations to its insureds in good faith. As such, Defendant has and continues to have a duty to deal fairly and in good faith with Plaintiff, its insured.

24. Defendant breached its duty to deal fairly and in good faith with Plaintiff by failing to conduct a full, fair and timely investigation into the nature and extent of Plaintiff's injuries suffered in the wreck at issue. This includes a refusal by Defendant to consider all pertinent facts and circumstances of the wreck and Plaintiff's injuries in order to fully compensate Plaintiff for his bodily injury under the UM coverage.

25. Defendant breached its duty to deal fairly and in good faith with Plaintiff by putting its own interests ahead of Plaintiff. Defendant ignored the full value of medical bills charged by Plaintiff's providers, instead applying non-applicable and ambiguous statutory language to pay Plaintiff less than the full value of his UM claim. Defendant further refused to provide full and fair compensation for the pain and mental anguish suffered by Plaintiff as a result of the car wreck in a further attempt to save Defendant money.

26. Defendant breached its duty to deal fairly and in good faith with Plaintiff because Defendant has a claims handling system that encourages and incentivizes claims employees to make low-ball offers on UM claims. Defendant encourages this type of claims handling environment through the training and supervision of its claims employees where the duty of good faith and fair dealing is disregarded in favor of the profitability of Defendant.

27. As a result Defendant's breach of their duty to deal fairly and in good faith, Plaintiff suffered damages in excess of Ten Thousand Dollars ($10,000).

28. Defendant's breach of the duty of good faith and fair dealing was intentional and malicious

29. Punitive damages should be awarded against Defendant in an amount sufficient to punish Defendant and deter others.

WHEREFORE, Plaintiff, Davod Nematpour, prays for judgment against Defendant Farmers Insurance Exchange and Defendant Farmers Insurance Company, Inc. for an amount in excess of Ten Thousand Dollars ($10,000.00), together with costs, interest, reasonable attorney fees, and other relief which this Court deems just and equitable.

Respectfully submitted,

Simone Gosnell Fulmer, OBA #17037
Harrison C. Lujan, OBA #30154
Jacob L. Rowe, OBA #21797
FULMER GROUP PLLC
P.O. Box 2448
Oklahoma City, OK 73101
Phone/Fax:   (405) 510-0077
Email: sfulmer@fulmergrouplaw.com
hlujan@fulmergrouplaw.com
jrowe@fulmergrouplaw.com

**ATTORNEYS FOR PLAINTIFF**

**ATTORNEY LIEN**
**JURY TRIAL DEMANDED**